JACKSON, ex dem. John Suffern and John S. Suffern, *vs.*
JOHN M'CONNELL.

Acquiescence in an *erroneous location* of lands for *twelve years* is conclusive·
upon a party, *who aided in the survey,* conformable to which the location is·
made ; and to bind him, it is not necessary to show that, with a full knowl-
edge of the mistake, he *expressly agreed* to abide by the location.

*It seems,* that a location made under such circumstances cannot be disturbed,
unless the error be established by the most incontrovertible evidence ; and
then every intendment and presumption will operate against the party
seeking to set it aside.

THIS was an action of *ejectment,* tried at the Tioga circuit
in June, 1835, before the Hon. ROBERT MONELL, one of the
circuit judges.

*John Suffern,* one of the lessors of the plaintiff, being the
owner of a tract of land containing 400 acres, *in April,* 1816
conveyed 200 acres of the northerly part of the tract to
the defendant, by metes and bounds—bounding the same
on the *north* by a tract of land granted by letters patent to
one G. Bartolf, and on the *west* by another tract patented to
one Matthew M'Connell. The defendant alleged that the de-
fendant, in locating his land, had not taken possession up to
the south line of Matthew M'Connell's tract, and consequent-
ly had extended his 200 acres too far south ; he also claimed
that the defendant had embraced within his possession more
than 200 acres, although his deed was expressly limited to that
quantity, and no more. In support of his action, the plain-
tiff adduced the testimony of surveyors and others to show,
that locating the premises conveyed to the defendant, accord-
ing to the *true place of beginning* described in his deed, the de-
fendant was in possession of land belonging to the plaintiff,
and that his possession covered several acres beyond 200.
The plaintiff instituted inquiries about the year 1828 in refer-
ence to the location made by the defendant, and soon after-
wards commenced this suit. On the part of the defendant,
it was shown that immediately after the execution of the
deed, he took possession of the 200 acres conveyed to him,
according to an *actual survey* made of the same by a surveyor

UTICA,
July, 1834.

Jackson
v.
M'Connell.

of the name of *Lawrence*, immediately preceding the execution of the deed or in the previous year, and after his purchase of the premises; and that the defendant had continued in possession ever since; that *John S. Suffern*, one of the lessors of the plaintiff, and the agent of the other lessor, the grantor of the defendant, was present at such survey, and aided in the same; that it was agreed between John S. Suffern and the defendant that *Matthew M'Connell*, to whom the tract adjoining on the north had been granted, should point out *the place of beginning*, who did so, and the survey was made accordingly. It was proved, on the part of the defendant, that the premises embraced in Lawrence's survey did not exceed 200 acres; and testimony was adduced by the defendant to show that the place of beginning pointed out by Matthew M'Connell was the *true* place of beginning. The judge, in substance, charged the jury that the plaintiff was not bound by the location made according to Lawrence's survey, though he should find it to be erroneous, unless he, with a full knowledge of his rights, had acquesced in, and expressly agreed to the same; that acquiescence alone, in an erroneous practical location, would not conclude a party, but that there must be an express agreement, though slight proof of such agreement would be sufficient, where the possession was continued for a great length of time. The jury found for the plaintiff, and the defendant now moved for a new trial.

*J. A. Collier*, for defendant.

*J. A. Spencer*, for plaintiff.

*By the Court*, SUTHERLAND, J. The weight of evidence is decidedly in favor of the Lawrence survey, according to which the defendant was held since 1815. His deed corresponds with that survey. The survey was made with a view to the giving of the deed. John S. Suffern, one of the lessors of the plaintiff, assisted in the survey in behalf of John Suffern, the other lessor, and the defendant's grantor. It was agreed between the parties, when the survey was about to be made, that Matthew M'Connell should point out the place of

beginning, which was supposed to be well known to him, as he owned and occupied the lot adjoining 'on the north. He accordingly fixed the starting point, which was assented to by the parties and the survey was made accordingly. The defendant took possession according to that survey, and has held it ever since. Its correctness does not appear ever to have been questioned, until about the time of the commencement of this suit. If the location was shown to be incorrect, it could not, under these circumstances, be disturbed. Both parties participated in making it. It was not the act of the defendant alone. The vendor, by his agent, put the defendant into the possession of the lot as he now holds it, as being the land. which he was entitled to under his deed. It may be very questionable whether, under such circumstances, a vendor can be permitted to allege any error in the location; but if he can, it certainly is incumbent upon him to establish the error by the most incontrovertible evidence. Every intendment and presumption should be against him.

But the charge of the judge was not altogether accurate. It was calculated to impress upon the jury that the rule of law was, that the plaintiff was not bound by the location, if it was erroneous in any respect, unless he knew of the error at the time, and expressly agreed to be bound by it. This was the precise error of the judge in *Rockwell* v. *Adams*, 7 Cowen, 762, and for which a new trial was granted. The true rule will be found in that case. It is subsequently recognized in 6 Wendell, 467, and in *M'Cormick* v. *Barnum*, 10 id. 104.

A new trial must therefore be granted.